LEO P. CUNNINGHAM, State Bar No. 121605
BENJAMIN J. TOLMAN, State Bar No. 301942
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: lcunningham@wsgr.com
       btolman@wsgr.com

*Counsel for Defendant
Jayavel "Jay" Murugan*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAYAVEL "JAY" MURUGAN,<br><br>Defendant. | NO. CR 17-00140 HSG<br><br>**JOINT MOTION TO WITHDRAW GUILTY PLEA AND [PROPOSED] ORDER RE: WITHDRAWAL OF GUILTY PLEA**<br><br>Date:      January 31, 2020<br>Time:      2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge:     Hon. Haywood S. Gilliam, Jr. |

The charges against Jay Murugan and his company, co-defendant Dynasoft Synergy, Inc., were resolved last year with Mr. Murugan receiving a post-plea diversion agreement (the "Diversion Agreement," Docket # 92), and the company pleading guilty and being sentenced to a $500,000 fine and period of probation. The Company pled guilty on January 23, 2019, was sentenced on May 6, 2019, and paid its fine (and Special Assessment) on May 13, 2019.

The Diversion Agreement contemplated that Mr. Murugan would enter a guilty plea to Count Eight of the Indictment—and he did on January 23, 2019—and that sentencing would be deferred for a year as a period of diversion—and it was, to January 31, 2020. The Diversion Agreement further provided that if Mr. Murugan successfully completed the term of diversion—

and he has—then (1) he could move to withdraw his guilty plea to Count Eight (Diversion Agreement ¶ 7) and (2) the government would "join in the defendant's motion to withdraw his guilty plea and further agree[] that successful completion of the term of diversion in this case constitutes fair and just reason for withdrawal of the guilty plea . . . ."  Diversion Agreement ¶ 20. The Diversion Agreement further provided that upon successful completion of the term of diversion, the government would "move to dismiss Count Eight of the Indictment at the time of sentencing . . . ."  *Id.*

      Mr. Murugan now moves pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) to withdraw his guilty plea and the government joins in that motion.

Dated:  January 23, 2020         Respectfully Submitted,

         LEO P. CUNNINGHAM
         Wilson Sonsini Goodrich & Rosati

         By:  /s/ Leo P. Cunningham
               Leo P. Cunningham

Dated:  January 23, 2020         Respectfully Submitted,

         GARTH HIRE
         Assistant United States Attorney

         By:  /s/ Garth Hire
               Garth Hire

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 17-00140 HSG |
| Plaintiff, | **[PROPOSED] ORDER ALLOWING WITHDRAWAL OF GUILTY PLEA** |
| v. | |
| JAYAVEL "JAY" MURUGAN, | |
| Defendant. | |

FAIR AND JUST REASON APPEARING THEREFORE, IT IS HEREBY ORDERED that Jayavel Murugan's guilty plea is withdrawn as to Count Eight of the above-captioned Indictment.

IT IS SO ORDERED.

DATED: _____      _____
HON. HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

JOINT MOTION AND [PROPOSED] ORDER RE: WITHDRAWAL OF GUILTY PLEA
CR 17-00140 HSG
3